## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Garnett DuBose, #189764, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 8:08-2533-PMD-BHH |
| v. ) | |
| ) | |
| Warden of Allendale Correctional ) | |
| Institution; ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Garnett Dubose's ("Plaintiff") objections to a United States Magistrate Judge's report and recommendation ("R&R") that Plaintiff's section 2254 petition be dismissed without prejudice for failure to exhaust state remedies. Having reviewed the entire record, including the Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

In December of 1992, the Sumter County Court of General Sessions sentenced Plaintiff to seven years for convictions of forgery, burglary, and petit larceny. After serving three years, the sentence was suspended subject to two years probation. Plaintiff indicated that his probation officer gave him permission to leave South Carolina in August of 1994 to attend his mother's funeral in Michigan. When Plaintiff failed to return to South Carolina by his appointed date, a probation violation arrest warrant was issued in March of 1995. Approximately twelve years later, on June 20, 2007, Michigan authorities arrested Plaintiff and discovered the outstanding South Carolina arrest warrant. After serving a seventy-day sentence for the Michigan charge,

Plaintiff was extradited to South Carolina. On November 9, 2007, the Sumter County Court of General Sessions revoked his probation and sentenced him to two years' incarceration. Plaintiff did not file a direct appeal for his conviction for the probation violation but did apparently file a petition for writ of habeas corpus in the original jurisdiction of the South Carolina Supreme Court, which it denied on June 25, 2008. The Supreme Court denied the petition pursuant to its holding in *Key v. Currie*, that it will not entertain matters in its original jurisdiction where the matter can be entertained in the trial courts. *Key v. Currie*, 305 S.C. 115, 406 S.E.2d 356 (1991). On July 9, 2008, Plaintiff, who is incarcerated at Allendale Correctional Institution, filed a 28 U.S.C. § 2254 petition in the United States District Court for the District of South Carolina to challenge the execution of a warrant for his arrest based on a violation of the terms of his probation. Plaintiff argued that the State of South Carolina violated his Due Process Rights by waiting approximately twelve years to seek his extradition. United States Magistrate Judge Bruce Howe Hendricks issued an R&R on July 22, 2008, recommending Plaintiff's petition be dismissed without prejudice because he has not exhausted his state remedies. (R&R at 9.) Plaintiff filed timely objections to the R&R.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the

R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION OF PLAINTIFF'S OBJECTIONS

In his objections, Plaintiff includes a letter to Magistrate Judge Hendricks which states he decided to seek post-conviction relief and will not object to the R&R. Despite this statement, Plaintiff also filed an objection to the R&R's assessment of the facts. While the R&R states that "the petitioner was arrested in Michigan on a misdemeanor offense and the outstanding South Carolina arrest warrant was then discovered by Michigan authorities," Plaintiff did not believe it accurately reflected the events that took place leading up to his conviction for a probation violation. Plaintiff's recital of the events leading up to his arrest in Michigan may contain more detail than the R&R, but the story still ends with his arrest and conviction for violating his probation in the State of South Carolina. Regardless of the facts surrounding Plaintiff's June 20, 2007 arrest, his objection does not address the Magistrate Judge's dismissal for failure to exhaust state remedies.

"In order for a state prisoner to pursue a habeas corpus petition in federal court, the petitioner must first have exhausted his available state court remedies." *Mallory v. Smith*, 27 F.3d

991, 994 (4th Cir. 1994) (citing 28 U.S.C. § 2254 (b)–(c)).  Section 2254(b) provides, in relevant part,

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State[.]

28 U.S.C. § 2254(b)(1). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F3d. 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." In *Matthews*, the court further instructs that "to satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* at 910–11 (citations omitted).

The petitioner has not received a decision from the state's highest court, and thus has not exhausted his state remedies. While the exhaustion requirement is not jurisdictional, it is strictly enforced. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Plaintiff did not file a direct appeal of his conviction based on his probation violation. The Fourth Circuit has held that South Carolina prisoners whose cases have not been reviewed on direct appeal must first pursue the remedy afforded by South Carolina's Uniform Post-Conviction Relief Act before applying to a district court for habeas corpus relief. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Although Plaintiff previously filed for post-conviction relief in the original jurisdiction of the South Carolina Supreme Court—which it dismissed pursuant to its holding in *Key v. Currie*—

that failed to satisfy the exhaustion requirement. *Durkin v. Davis*, 538 F.2d 1037, 1041–42 (4th Cir. 1976) (finding that a petition filed in the original jurisdiction of a state's highest court does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) when it was dismissed on non-substantive grounds). Since the petitioner has a viable state court remedy, the petition should be dismissed for failure to exhaust state remedies.

Applications for post-conviction relief are to be filed with the clerk of court for the county in which a South Carolina prisoner was convicted in a Court of General Sessions. S.C. Code Ann. § 17-27-40. The General Assembly has enacted a one-year period for prisoners to file post conviction relief applications, beginning on the date a judgment of conviction has been entered. S.C. Code Ann. § 17-27-45. As Plaintiff's conviction was entered on November 9, 2007, he still has time to file a petition for post-conviction relief with the Court of Common Pleas for Sumter County, if he has not already done so, as directed by the Supreme Court in its dismissal of his first habeas petition and by S.C. Code Ann. § 17-27-40. The United States District Court for the District of South Carolina should not keep this case on its docket while the petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's petition for writ of habeas corpus is **DISMISSED** without prejudice and without service upon the Respondent.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 23, 2008**